UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| NATHANIEL ROBINSON, ) | CASE NO. 1:14 CV 0662 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| ) | |
| BRIAN WHITE, ) | |
| ) | |
| Defendant. ) | |

CHRISTOPHER A. BOYKO, J.:

*Pro se* plaintiff Nathaniel Robinson filed the above-captioned *in forma pauperis* civil action pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346. He names fellow inmate Brian White as the Defendant. Plaintiff, who was incarcerated at the Federal Correctional Center Greenville (F.C.I. Greenville) in Illinois when he filed the Complaint, alleges the Defendant assaulted him without provocation. He does not specify what relief he is seeking, but wants "this all to be rehabilitated to its proper stability." (Doc. No. 1 at 5.)

Background

On June 21, 2012, Plaintiff was watching television in the day room at F.C.I. Yazoo City in Mississippi. Defendant approached Plaintiff and asked if he had a personality conflict with him. Plaintiff stated that he did not, but the Defendant continued to engage him in a hostile manner. The Defendant suggested he "had something" for Plaintiff inside of his cell and invited him to join him there. When Plaintiff "turned to address this issue" he was struck by the

Defendant with a homemade knife, approximately 8 to 10 inches in length. Because this altercation took place just outside of the entrance to the day room, other inmates attempted to break up the exchange. After Plaintiff was struck several times, the compound officers entered to stop the incident.

Plaintiff was transported to a hospital in Yazoo City to address his injuries. While at the hospital, he complains "there was a bigger diversion with the exam nurse and the transport officer that caused the exam results to be eluded [sic] and my being attentive towards requesting [sic] for victim of crime detoured." (Doc. No. 1 at 6.) While it is difficult to decipher Plaintiff's relevant claim, he seems to suggest there was some "conflict of interest" between reports generated by the hospital and by the prison.

Finally, Plaintiff makes vague allegations that "ineffective counseling and or poor socialability [sic] of the institutional system . . . [are] keeping me targeted with recurring antics and tactics of irreparable harm." (Doc. No. 1 at 7.) Although he does not elaborate further, he concludes the Complaint stating: "This is still pending with Federal Bureau." *Id*.

Standard of Review

Complaints filed by *pro se* plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, "'the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve [his] burden to meet jurisdictional requirements. " *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed.Cir.1987)); *see, e.g., Spotts v. United States*, 429 F.3d 248, 250 (6th Cir.2005). A district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

-2-

Federal Tort Claims Act

On the face page of the Complaint form, Plaintiff checked the block marked "CIVIL COMPLAINT: pursuant to the Federal Tort Claims Act [FTCA], 28 U.S.C. §§1346, 2671-2680, or other law." (Doc. No. 1 at 1.) Under the FTCA, "district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, ... for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment....". 28 U.S.C. §1346. The Act constitutes a limited waiver of sovereign immunity and authorizes suit against the United States, making the federal government liable in the same manner and to the same extent as a private party would be for certain torts of federal employees acting within the scope of their employment. *Schindler v. United States of America*, 661 F.2d 552, 554 n. 2 (6th Cir.1981).

Plaintiff has not filed this action against the United States, nor has he named a federal employee or sought money damages. Rather, he accuses another inmate of defaming and injuring him physically and emotionally. Thus, a careful review of the Complaint discloses that Plaintiff has failed to state a claim over which this Court has jurisdiction.

Transfer Under 28 U.S.C. § 1631

When a court determines it lacks jurisdiction, it must transfer the case to a court where the action could have been brought, if the transfer "is in the interest of justice." 28 U.S.C. § 1631 (2012). Proper venue in a district court is defined by statute, which provides that a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The events of which Plaintiff complains occurred at F.C.I. Yazoo City in Mississippi, where he is also attempting to serve the Defendant. At the time he filed this Complaint, Plaintiff was incarcerated in Illinois, although he is currently located in Terre Haute, Indiana.[1] The district court to which this matter could be transferred, if in the interest of justice, is the U.S. District Court for the Southern District of Mississippi.

The Court cannot find that justice would be served by transferring Plaintiff's allegations of personal assault, when no federal district court has jurisdiction over such an action under the FTCA. For this reason, the undersigned declines to transfer Plaintiff's complaint to the District Court for the Southern District of Mississippi.

Conclusion

Based on the foregoing, Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. §1915(e), but without prejudice to any state law claims he may seek to assert. Further, the Court certifies that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: September 24, 2014

---

[1] Plaintiff may be the same Nathaniel Robinson who was convicted and sentenced in this Court on July 6, 2009. *See United States of America v. Morgan et al.*, No. 1:08-cr-00140 (N.D. Ohio)(Gaughan, J.) The place of his conviction and sentence bears no relevance to proper venue, however.

[2] The statute provides in relevant part: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).